## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **ADAMS KEEGAN, INC.,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 2:16-cv-2152-SHM-cgc** |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PROTIVITI INC.,** | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

### DEFENDANT PROTIVITI INC.'S OPPOSITION TO ADAMS KEEGAN, INC.'S MOTION FOR LEAVE TO FILE A SUR-REPLY [D.E. 32]

Adams Keegan, Inc. ("Adams Keegan") now seeks a do-over through its Motion for Leave to File a Sur-Reply ("Motion for Leave") [D.E. 32] and improper sur-reply.  Claiming that Protiviti Inc.'s ("Protiviti") Reply [D.E. 30] includes "multiple misstatements" and "new arguments,"  Adams Keegan's Motion for Leave asserts that it deserves a sur-reply for four reasons: (1) Adams Keegan claims that Protiviti misstated that Adams Keegan seeks damages from Silvers; (2) Adams Keegan claims that the Court should not consider Protiviti's Website arguments because the "content displayed on the website" is no longer there; (3) Adams Keegan seeks the opportunity to respond to a new declaration; and (4) Adams Keegan claims that Protiviti's arguments are contrary to Sixth Circuit jurisprudence.  D.E. 32 at 1-4.  These four reasons do not justify a sur-reply and therefore, Protiviti files this Opposition.

## I.     LEGAL STANDARD FOR MOTIONS FOR LEAVE TO FILE A SUR-REPLY

Sur-replies are "highly disfavored" in the Western District of Tennessee.  *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 798 (W.D. Tenn. 2012).

4841-5348-4341.v3

This is because courts recognize that sur-replies "usually are a strategic effort by the nonmoving party to have the last word on a matter." *Id.* Sur-replies should not be considered unless a Reply brief introduces new arguments or evidence. *Id.* (citing *Modesty v. Shockley*, 434 Fed. Appx. 469, 472 (6th Cir. 2011)). However, "counterpoints [made] in response to [the non-movant's] theor[ies]" are not considered to be new arguments. *Id.* at 798-99.

## II.     PROTIVITI'S REPLY DID NOT CLAIM ADAMS KEEGAN IS SEEKING DAMAGES FROM SILVERS

Adams Keegan's sole example of "multiple misstatements by Protiviti" is an allegation that Protiviti's Reply "baseless[ly] and incorrect[ly]" contended that Adams Keegan is seeking damages from CG Silvers Consulting LLC or Chris Silvers (individually and collectively, "Silvers"). D.E. 32 at 1. This is simply not true.

Protiviti's Reply stated that the Adams Keegan's requested relief against Protiviti and Silvers generally includes: "(1) damages (including costs and fees), (2) an injunction, and (3) specific performances." D.E. 30 at 1. The very next sentence in Protiviti's brief explains this general statement by stating "the Court cannot issue an injunction or [] specific performance" in this case because its owner (i.e., Silvers) is "not a party to this case." *Id.* Protiviti's Reply excludes any reference to "damages" when discussing the relief requested against Silvers in the latter sentence. *Id.* Adams Keegan's claim should be seen for what it is, a "misstatement" contrived for the sole purpose of trying to have the last word on Protiviti's Motion.

Even if Protiviti's Reply was ambiguous, and it was not, Protiviti's Reply cited and directed this Court's attention to the actual relief requested in Adams Keegan's Complaint. *Id.* (citing D.E. 13 at pp. 35-37.) Any potential prejudice to Adams Keegan was avoided by this citation and the Court's ability to assess evidence without the need for additional attorney argument in the form of a sur-reply.

4841-5348-4341.v3

III.     **ADAMS KEEGAN HAD THE OPPORTUNITY TO RAISE ITS "STRAWMAN" ARGUMENTS IN ITS OPPOSITION**

The next excuse in Adams Keegan's Motion for Leave is an alleged "strawman" argument.  D.E. 32 at 1-2.  Adams Keegan alleges that Protiviti's arguments relating to the myefficenter.com's domain name ("Website") should be "ignor[ed]" because the allegedly infringing content is no longer displayed on the Website.  *Id.*  The Court should dismiss Adams Keegan's belated plea for a sur-reply because: (1) Adams Keegan does not even attempt to explain how Protiviti's "strawman" claims are new arguments in the Reply; and (2) Adams Keegan has known that the Website was not displaying infringing content well before Adams Keegan filed its Opposition to Protiviti's Motion to Dismiss and its First Amended Complaint. This is nothing new.

Adams Keegan has had ample opportunity to address Protiviti's alleged "strawman" arguments.  The central premise of Protiviti's Motion to Dismiss is that Protiviti does not own the Website that is the subject of this litigation, and Protiviti raised Silvers' property interest in the Website as one of the reasons he is a required party in this case.  D.E. 17 at 4-6.  If Adams Keegan believed that the Website's current display capabilities were relevant to this Motion to Dismiss, it should have raised that point in its Opposition.  Notably, Adams Keegan does not tell this Court when it learned that the Website stopped displaying the allegedly infringing content. *See generally* D.E. 32.  This is because Adams Keegan knows that the website only displayed the allegedly infringing content for a mere five days in 2015.  *See* D.E. 12 at 3.  Adams Keegan also knew this before filing its Complaint and First Amended Complaint, but nonetheless chose to seek an injunction and the transfer of the Website in its requested relief.  *See id.*; D.E. 13 at pp. 35-37.  Thus, Adams Keegan's claims are in fact "directed . . . to a domain that does not display

4841-5348-4341.v3

any content or information." D.E. 32 at 2. Protiviti's Website arguments are not new and should have been addressed in Adams Keegan's Opposition.

## IV. ADAMS KEEGAN'S CITATION TO SIXTH CIRCUIT PRECEDENT IS NOT NEW

Adams Keegan also moves for a sur-reply because "Protiviti's Reply ignores the Sixth Circuit's pragmatic approach to Rule 19." D.E. 32 at 2. Adams Keegan's Motion for Leave simply recaps precedent Adams Keegan previously presented to this Court in its Opposition. *Id.*; D.E. 26 at 12, 17, 20 ("The Sixth Circuit takes a "pragmatic approach" to Rule 19 cases."). Furthermore, Protiviti's Reply did not ignore Sixth Circuit precedent and instead explained why the pragmatic approach, suggested by Adams Keegan's Opposition, would not work in this case. D.E. 30 at 10.

## V. THE HUIET DECLARATION DOES NOT JUSTIFY A SUR-REPLY

Adams Keegan's Motion for Leave also addresses a declaration submitted by Kristine Huiet in a single sentence. D.E. 32 at 2; D.E. 30-1. While Protiviti does not dispute that the Huiet Declaration was submitted for the first time in the Reply, Adams Keegan's Motion for Leave does not provide any justification whatsoever that a sur-reply should be granted to address the limited substance of the Huiet Declaration. D.E. 32 at 2.

The Huiet Declaration is not "new" under this Court's standard for granting a sur-reply because it was submitted in direct response to one of Adams Keegan's unsupported jurisdictional arguments. D.E. 30 at 9; *Liberty Legal Found.*, 875 F. Supp. 2d at 798 (finding that arguments raised as counterpoints are not "new" arguments). The declaration responded by explaining that while the Subcontractor Services Agreement ("SSA") governs Robert Half International Inc.'s contractual relationship with Silvers, Robert Half does not typically update or change the Work Schedule (a standard exhibit for SSAs) for independent contractor projects that occur later in

4

4841-5348-4341.v3

time.  D.E. 30-1 at 1-2.  Thus, the Huiet Declaration was provided simply to rebut Adams

Keegan's unsupported allegation that the words "Nashville, TN" somewhere in a contract must

give this Court jurisdiction over Silvers.  *Id.*

**VI.     ADAMS KEEGAN'S "BURDEN-SHIFTING" ARGUMENT IN ITS PROPOSED
          SUR-REPLY IS IMPROPER**

Even if Adams Keegan has good cause to submit *a* sur-reply, the *proposed* sur-reply

[D.E. 32-1] is improper because Adams Keegan's Motion for Leave does not assert that it has

good cause to address "burden shifting."  *Compare* D.E. 32 at 1-3 *with* D.E. 30 at 4.  For the

following reasons, Adams Keegan's Motion for Leave never claims that Protiviti's alleged

burden-shifting is a new argument in Protiviti's Reply.  D.E. 32 at 1-3.  Protiviti's Reply did not

include a new attempt to shift any burdens to Adams Keegan.  Protiviti's Reply did not dispute

that "[t]he movant bears the burden of demonstrating that dismissal under Rule 19 is warranted."

*See Watson ex rel. Estate of Simon v. Herenton*, No. 04-2400B, 2005 WL 2177002, *5 (W.D.

Tenn. Sept. 8, 2005).  However, proving that dismissal is warranted is <u>different</u> than a

presumption that joinder is infeasible.  Whether joinder is infeasible is but one element of a Rule

19(b) analysis.  *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001).[1]   Adams

Keegan is wrong, and there was no "new" argument.

---

[1] A court only looks to whether joinder of a non-party is feasible under Rule 19(b) if the court
<u>has already found that the non-party is a required party</u> under Rule 19(a).  In other words, in
order to reach the second element of the Rule 19(b) test, a court must have already determined
that a plaintiff is seeking relief against a non-party whether explicitly or implicitly (or in this
case, both).  Thus, it makes sense that the plaintiff should be required to comply with Rule
19(c) in its complaint.  The drafters of the Federal Rules of Civil Procedure and courts agree.
Fed. R. Civ. P. 19(c); *William Chris Trucks & Equipment Brokers v. First Canadian Bank*, 98
F.R.D. 584, 585-87 (E.D. Ill. 1983); *Hinsdale v. Farmers Nat'l Bank & Trust Co.*, 93 F.R.D.
662 (N.D. Ohio 1982).

4841-5348-4341.v3

## VII.   CONCLUSION

Protiviti's Reply did not include any new arguments or evidence that justify a sur-reply.

Adams Keegan's attempt to receive the last words on Protiviti's Motion to Dismiss is improper.

Dated:  August 4, 2016.                                    Respectfully submitted,

s/ Ashley E. Cowgill

Ashley E. Cowgill (TN Bar No. 033042)
PILLSBURY WINTHROP SHAW
PITTMAN LLP
333 Commerce Street
Nashville, TN 37201
Tel.: (615) 622-3708
Email: ashley.cowgill@pillsburylaw.com

*Attorney for Defendant Protiviti Inc.*

6

**CERTIFICATE OF SERVICE**

The foregoing document was filed via the Court's CM/ECF system, automatically

effecting service on counsel of record for all other parties to this action, on this 4th day of

August, 2016.


<u>s/ Ashley E. Cowgill</u>
Ashley E. Cowgill

4841-5348-4341.v3